IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY BURTON JR. #836846 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv588 |
| PAM PACE | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Bobby Burton Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Although Burton's lawsuit is against a defendant located in Texas and concerns events in Texas, he originally filed his lawsuit in the District of Arizona, which transferred the case to this Court. He complains that Pam Pace, the practice manager at the Coffield Unit, would not allow him to keep a medication, ranitidine (Zantac) on his person. His complaint and attachments show that Burton's prescription for Zantac was renewed by a nurse practitioner named Pierson, who determined that because of medical non-compliance, Burton would not be allowed to keep any of his medications on his person. Pace was involved in the facts forming the basis of the claim only because she signed the response to Burton's Step One grievance. This response indicated that it was Pierson, a medical practitioner, not Pace, who renewed Burton's medication and told him that it was not designated as keep-on-person.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that according to the Fifth Circuit, prisoners do

not have a liberty interest in having grievances resolved to their satisfaction, and there is no violation of the Constitution or laws when prison officials do not do so. Pace's denial of Burton's grievance thus does not set out a viable claim under 42 U.S.C. §1983.

In addition, the Magistrate Judge observed that Burton has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim, and therefore is subject to the provisions of 28 U.S.C. §1915(g). This statute provides that a prisoner who has filed at least three previous lawsuits or appeals which were dismissed under 28 U.S.C. §1915(g) cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent danger of serious physical injury. Burton did not allege, much less show, that he was in imminent danger of serious physical injury as of the time he filed the lawsuit. *See* Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). The Magistrate Judge therefore recommended that Burton's *in forma pauperis* status be revoked and his lawsuit dismissed.

Burton received a copy of the Magistrate Judge's Report on July 15, 2014, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 9) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Bobby Burton's *in forma pauperis* status is hereby REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 24th day of September, 2014.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE